JONATHAN A. STIEGLITZ, ESQ.
(SBN 278028)
jonathan.a.stieglitz@gmail.com
THE LAW OFFICES OF
JONATHAN A. STIEGLITZ
11845 W. Olympic Blvd., Suite 800
Los Angeles, California 90064
Telephone:  (323) 979-2063
Facsimile:   (323) 488-6748

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| John Parry, individually and on behalf of all others similarly situated<br><br>Against<br><br>SPP Inc. and DNF Associates, LLC, | Case No.:<br><br>**CLASS ACTION COMPLAINT** for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff John Parry ("Plaintiff"), by and through his attorneys, The Law Offices of Jonathan A. Stieglitz, as and for his Complaint against Defendants SPP Inc. ( "SPP") and DNF Associates, LLC ( "DNF") individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. The Fair Debt Collection Practices Act ("FDCPA") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt

collection practices by many debt collectors." 15 U.S.C. §1692(a). Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* It concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts' does not require 'misrepresentation or other abusive debt collection practices.'" 15 U.S.C. §§ 1692(b) & (c).

2. The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). "After determining that the existing consumer protection laws ·were inadequate." *Id.* § 1692(b), the Act gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 *et seq*. The Court also has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) as this is the judicial district in which the defendant resides.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of California consumers under § 1692 et seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory and injunctive relief.

## PARTIES

7. Plaintiff is a resident of the State of California, County of San Bernardino.

8. Defendant SPP is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and as used in the FDCPA.

9. SPP can be served upon their registered agent, Registered Agents Inc., 300 Colonial Center Pkwy, Suite 100N, Roswell, GA, 30076.

10. Upon information and belief, Defendant SPP is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

11. Defendant DNF is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and as used in the FDCPA.

12. DNF can be served upon their registered agent, Cogency Global Inc., 122 East 42nd Street, 18th Floor, New York, NY, 10168.

13. Upon information and belief, Defendant DNF is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

14. Plaintiffs bring this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

15. The Class consists of:

    a. all individuals with addresses in the State of California;

    b. to whom Defendant SPP sent an initial letter;

    c. on behalf of Defendant DNF;

    d. attempting to collect a consumer debt;

    e. in two subclasses where the letter:

        i. failed to include all, or overshadowed, the notices required by 15. U.S.C. 1692g; or

        ii. failed to clearly state the amount owed or state impliedly conflicting amounts; and

    f. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

16. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

17. Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors and employees of the Defendants and their

respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

18. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

19. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

20. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions

predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A violate 15 U.S.C. § 1692e, 1692f, and 1692g.

c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

21. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

22. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

23. Plaintiff repeats the above paragraphs as if set forth here.

24. Some time prior to June 7, 2021, Plaintiff allegedly incurred an obligation to non-party Indigo MasterCard.

25. The Indigo MasterCard obligation arose out of transactions incurred primarily for personal, family or household purposes, specifically for credit card purchases.

26. The alleged Indigo MasterCard obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

27. Indigo MasterCard is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

28. According to Defendants' letter to Plaintiff described below, DNF is the current creditor of the alleged debt.

29. According to Defendants' letter, DNF placed the account with SPP to collect the alleged debt.

30. Defendants collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of themselves or other creditors using the United States Postal Services, telephone and internet.

*Violation – June 7, 2021 Collection Letter*

31. On or about June 7, 2021, Defendants sent Plaintiff a collection letter regarding the alleged debt, originally owed to Indigo Mastercard. See Letter attached as Exhibit A.

32. The Letter is confusing and replete with grammatical and syntax errors rendering it incomprehensible and therefore improper.

33. The Letter begins, "The balance is not currently in a satisfactory status due to the lack of payment in full. Prior notifications have been left and there has been a failure to resolve any communication."

34. The Letter ostensibly includes the notices required by 15 U.S.C. 1692g.

35. However, the notice is not compliant with the statute.

36. It states in relevant part (all errors in original):

> Unless you dispute the validity of this debt, or portion thereof, within 30 days from the receipt of this notice. The debt will be assumed to be valid by SPP Inc.

> If you dispute the above listed or any portion whereof within 30 days of receipt of this, SPP Inc. will obtain verification of the debt or a copy of a judgement against you and a copy of such verification or judgment will be mailed and/or emailed to you.

37. 15 U.S.C. § 1692g requires a debt collector, in its initial communication, to include:

> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

38. Defendants' notice did not conform to Section 1692g.

39. First, the statute requires the consumer be informed that s/he must notify the collector "in writing" or by "written request", whereas Defendants' notice does not contain this information.

40. It also notes that the verification may be emailed whereas the statute requires it to be mailed, i.e., a paper copy.

41. The Letter also leaves out the § 1692g (5) notice.

42. The Letter does not state, as required, that "upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor".

43. In addition, even the partial § 1692g notice provided in the Letter is overshadowed by the immediacy language.

44. Defendants's Letter coerces Plaintiff to pay or call in immediately.

45. The word "immediate" or "immediately" is used at least three times.

46. The Letter states, "pay the balance owed immediately", "your immediate attention is required for resolution of this matter" and "You can contact us to resolve the balance in full immediately".

47. The Letter, taken as a whole, overshadows the § 1692g notice by intimidating Plaintiff to avoid disputing the alleged debt and make an immediate payment or call in to speak with Defendants' professional debt collectors.

48. The Letter further states, "You are responsible for the principal and all interest that has accrued within the balance referenced to [sic] above."

49. However, the "Original Balance" and "Balance" stated in the Letter are identical.

50. The "Original Balance", i.e., the principal balance, equals the current balance.

51. Therefore, there is no interest included in the "balance referenced [] above."

52. The Letter says that Plaintiff is responsible for "all interest that has accrued within the balance".

53. But it does not appear from the Letter than any interest is included in the balance.

54. Yet, the Letter makes it appear as if there is some additional amount of unstated interest.

55. The amount of this interest remains a mystery as the Letter does not state any amount of interest.

56. Defendants' actions were false, deceptive, unfair, and/or misleading.

57. Plaintiff was concerned and confused by the Letter.

58. Plaintiff was therefore unable to evaluate his options of how to handle this debt.

59. Because of this, Plaintiff expended time, money, and effort in determining the proper course of action.

60. Plaintiff would have pursued a different course of action were it not for Defendants' violations.

61. Plaintiff was unable to determine the true balance and whether there was any accrued interest.

62. Plaintiff was therefore unable to pay the debt in whole or part.

63. The funds Plaintiff could have used to pay the debt were therefore spent elsewhere.

64. Defendant also robbed Plaintiff of information about his rights to which he was statutorily entitled.

65. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

66. As it relates to this case, Congress identified a concrete and particularized harm with a close common-law analogue to the traditional tort of fraud.

67. Plaintiff has a right to receive proper notice of the amount of debt due and in the context of validation letters, a right to receive proper notice of his rights.

68. Defendants failed to effectively inform Plaintiff of his rights and the amount of the alleged debt, in violation of the law.

69. In addition, Plaintiff suffered emotional harm due to Defendants' improper acts.

70. These violations by Defendants were knowing, willful, negligent and/or intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

71. Defendants' collection efforts caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the

legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

72. Defendants' deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendants' collection efforts because Plaintiff could not adequately respond to Defendants' demand for payment of this debt.

73. Defendants' actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendants' debt collection.

74. Plaintiff was confused and misled to his detriment by the statements in the dunning letter, and relied on the contents of the letter to his detriment.

75. As a result of Defendants' deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

76. Plaintiff repeats the above allegations as if set forth here.

77. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692e.

78. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

79. Defendant violated said section, as described above, by making a false or misleading representation, and misstating Plaintiff's rights enumerated in § 1692g, in violation of §§ 1692e, 1692e (2), and 1692e (10).

80. By reason thereof, defendant is liable to Plaintiff for judgment that Defendants' conduct violated Section 1692e, et seq. of the FDCPA and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

### COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692f *et seq.*

81. Plaintiff repeats the above paragraphs as if set forth here.

82. In the alternative, Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

83. Pursuant to 15 U.S.C. § 1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

84. Defendant violated this section as described above.

85. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f et seq. of the FDCPA and is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692g *et seq.*

86. Plaintiff repeats the above allegations as if set forth here.

87. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

88. Pursuant to 15 U.S.C. § 1692g:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall… send the consumer a written notice containing –…
>
> 4. A statement that if the consumer notifies the debt collector in writing within thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> 5. A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

89. Defendant violated this section by failing to provide the proper notice required by §1692g in an initial collection letter.

90. Defendant further violated this section by overshadowing these notices violating § 1692g (a) and (b).

91. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendants' conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

92. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff John Parry, individually and on behalf of all others similarly situated, demands judgment from Defendants SPP and DNF as follows:

    a)    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Jonathan Stieglitz, Esq. as Class Counsel;

    b)    Awarding Plaintiff and the Class statutory damages;

    c)    Awarding Plaintiff and the Class actual damages;

    d)    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

e) Awarding pre-judgment interest and post-judgment interest; and

f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: August 17, 2021

                                          THE LAW OFFICES OF
                                          JONATHAN A. STIEGLITZ

                               By:  */s/ Jonathan A Stieglitz*
                                        Jonathan A Stieglitz